UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN R. SIMS, JR.,

                **Plaintiff,**

   v.                                                3:12-CV-205

**SUE NICHOLS, individually, in her capacity as administrator of the estate of John R. Sims and in her capacity as executor of the estate of Doris Nichols, ESTATE OF DORIS NICHOLS, SUSAN ENGLISH, ESQ., KRISTEN K. LUCE, ESQ., MARK GORGOS, ESQ., COUGHLIN AND GERHART, LLP, EUGENE PECKHAM, in his capacity as former Broome County Surrogate's Court Judge, and REBECCA MALMQUIST, in her capacity as Broome County Surrogate's Court Chief Clerk,**

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § § 1981 and 1985(3) was referred to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

In his Report, Recommendation and Order (dkt. # 3), Magistrate Judge Peebles ordered that Plaintiff's application to proceed *in forma pauperis* (dkt. # 2) be granted and

1

recommended that Plaintiff's complaint be dismissed in its entirety, without leave to amend.  Dkt. # 3.  Plaintiff has filed objections to the report.  Dkt. # 5.

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.).  "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.  Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).  After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

### III.   DISCUSSION

With respect to Plaintiff's first, second, sixth, seventh and ninth objections, Plaintiff has reargued the positions he took before Magistrate Judge Peebles. In doing so, he failed to pinpoint specific erroneous determinations by Judge Peebles and, instead, merely voiced his disapproval of the report in general and conclusory terms. Accordingly, the Court reviews the Report, Recommendation and Order for clear error in respect to these objections, and finds none. Moreover, on *de novo* review the Court rejects each of these objections.

Plaintiff's third objection concedes that the Rooker-Feldman doctrine bars his Section 1985(3) claim as it stands,[1] but contends that he should be allowed to amend his complaint to bring the Section 1985(3) claim against the Defendants in their individual capacities. This, Plaintiff asserts, would demonstrate that his injuries are "not directly caused by the state court judgment . . . ." Dkt. # 5 at 18. However, as Judge Peebles' Report, Recommendation and Order correctly concluded:

> [I]n the case at bar plaintiff complains of a far-reaching conspiracy involving his step-sister, the lawyers representing her, and the surrogate's court and court personnel to deprive him of his inheritance. By his own allegations, it is clear that plaintiff fully participated in the surrogate's court proceeding, both by filing various submissions and by personal appearances over the six-year course of that matter. It is also apparent that plaintiff's assertions of fraud, conspiracy, and criminal conduct in connection with the surrogate's court proceeding were raised but not entertained by that court, and the relief sought by him – his appointment as administrator of his father's estate and the rejection of defendant Nichols' accounting, among other things – was denied by the court. The injury of which plaintiff complains, in the form of discrimination and denial of due process, *results directly from that court's decisions*.

---

[1] Plaintiff only makes this objection with regard to his Section 1985(3) claim. There are no objections to the report's application of Rooker-Feldman with respect to Plaintiff's Section 1981 claim. If there were, the same reasoning as discussed in the text would apply to the Section 1981 claim.

3

Dkt. # 3 at 20 (emphasis added).

Thus, Plaintiff could not amend his complaint to render it anything but a direct challenge to the state court judgment because, even if he brings his complaint against the Defendants in their individual capacities, his alleged injuries are still a product of the Surrogate's Court's decision. Accordingly, the Section 1985(3) claim, as alleged and as Plaintiff desires to amend it, is barred by the Rooker-Feldman doctrine.

Plaintiff makes a similar argument in his eighth objection. He concedes that Defendant Malmquist "sued in her official capacity is immune from civil liability," but claims he can overcome this immunity by amending the complaint to sue Ms. Malmquist "in her individual capacity . . . ." Dkt. # 5 at 23. However, as correctly pointed out by Magistrate Judge Peebles, "[e]ven assuming plaintiff had commenced this action against [Ms. Malmquist] in her individual capacity, quasi-judicial immunity would protect defendant Malmquist from personal liability." Dkt. # 3 at 24. Plaintiff fails to pinpoint specific erroneous determinations by Magistrate Judge Peebles that undermine this conclusion, but rather merely reargues the same points addressed in the report. The Court finds no clear error by Magistrate Judge Peebles in this regard, and on *de novo* review, the Court reaches the same conclusion as Magistrate Judge Peebles.

Plaintiff's tenth objection argues that the report erred by recommending that Plaintiff not be permitted to amend his complaint. Dkt. # 5 at 24. Plaintiff cites two cases that support the proposition that a *pro se* litigant should be given leeway to amend his or her complaint. See Gomez v. USAA Fed. Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999)(a *pro se* plaintiff should be permitted to amend his or her complaint unless the court can

4

"rule out the possibility that such an amendment will result in a claim being successfully pleaded . . ."); Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980)("A pro se plaintiff, particularly one bringing a civil rights action, should be afforded an opportunity fairly freely to amend his complaint . . . unless it appears to a certainty that plaintiff is entitled to no relief under any state of the facts.")(interior quotation marks omitted).  However, Magistrate Judge Peebles properly concluded that "[t]he principal deficiency noted in this instance is that the court lacks jurisdiction to hear plaintiff's federal claims . . . ," and that this is "a defect that cannot be cured by better pleading." Dkt. # 3 at 38.  Thus, the recommendation that Plaintiff be barred from amending his complaint is consistent with the case law Plaintiff cites.  Plaintiff's tenth objection merely restates the standard that Judge Peebles applied and argues, in general terms, that the standard was misapplied without providing specific examples of how Plaintiff could successfully amend his complaint.  The Court finds no clear error in Magistrate Judge Peebles' recommendation in this regard, and, on *de novo* review, reaches the same conclusion as Magistrate Judge Peebles.

Plaintiff's fifth objection is that Magistrate Judge Peebles failed to raise the strongest arguments that the pleadings suggest as required by Haines v. Herner, 404 U.S. 519 (1972). Dkt. # 5 at 21.  The argument is without merit.  In Haines, the Supreme Court articulated the lenient standard afforded to *pro se* litigants' pleadings.  Magistrate Judge Peebles articulated an analogous standard:

> In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the

> adverse party has been served and the parties have had an opportunity to respond, Anderson v. Coughlin, 700 F.2d 37, 41 (1983).

Dkt. # 3 at 9.

Moreover, Magistrate Judge Peebles also concluded:

> Having afforded plaintiff the deference to which he is entitled as a pro se litigant and liberally construed his pleading, I have nonetheless concluded that although plaintiff's IFP application can be granted, his complaint should be dismissed for lack of subject matter jurisdiction, failure to state a cause of action, and as frivolous.

Id. at 2.

Despite the deference afforded by Magistrate Judge Peebles, Plaintiff now contends that Magistrate Judge Peebles should have read Plaintiff's pleadings as implicitly raising claims under 42 U.S.C. §§ 1985(2) and 1983. Dkt. # 5 at 21-22. However, even assuming that Section 1985(2) and 1983 claims could be inferred from Plaintiff's complaint, or alleged in an amended complaint, they would be barred by the Rooker-Feldman doctrine.[2] Thus, the Court finds no error in Magistrate Judge Peebles' recommendation to dismiss the complaint with prejudice.

Plaintiff's fourth objection argues that Magistrate Judge Peebles erred in finding the Section 1985(3) claim untimely. Dkt. # 5 at 20. The Court need not address this objection because Judge Peebles gave other proper reasons for dismissing the Section 1985(3) claim. Dkt. # 3 at 16-21, 31-33. Therefore, the Court offers no opinion on whether the Section 1985(3) claim was commenced within the statute of limitations.

---

[2] Furthermore, the report concludes that Plaintiff failed to state a claim on which relief can be granted under Sections 1985(3) and 1981 because his allegations were general and conclusory. Dkt. 5 at 31-33, 35. The same problem would arises under any Section 1985(2) or 1983 claims potentially inferred from the complaint.

6

The Court finds Plaintiff's final objection, dkt. # 5 at 25, to be general and conclusory. Plaintiff fails to state any specific reason supporting his claim that Judge Peebles' report is erroneous and partial. After reviewing the Report, Recommendation and Order for general error and partiality, the Court finds none. Accordingly, the Court rejects Plaintiff's argument in this regard.

## IV.    CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Peebles' recommendations for the reasons stated in his report, with the exception of the determination of whether the 42 U.S.C. § 1985(3) claim was commenced within the statute of limitations, on which the Court offers no opinion. Accordingly, Plaintiff's complaint is **DISMISSED** in its entirety, without leave to amend. The Clerk of the Court is instructed to close the file in this matter.

**IT IS SO ORDERED.**

**Dated:** June 24, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge